PAUL J. FISHMAN
United States Attorney
PAMELA R. PERRON                                        **Electronically filed**
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. 973-645-2836

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELIZ. B. RODRIGUEZ and
FELIPE RODRIGUEZ, her husband,

                                           Hon.

       *Plaintiffs,*

       v.                                    Civil Action No. 11-

VINUTHA RAJASEKHARAIAH, and
VINUTHA RAJASEKHARAIAH a/k/a
VINUTHA RAJ; JERSEY MEDICAL
ASSOCIATES, INC., THE UNITED          **NOTICE OF REMOVAL**
STATES OF AMERICA; JOHN DOE,
M.D. I-V (these names being fictitious
as their true identities are presently un-
known); JANE DOE NURSES I-V (these
names being fictitious as their true
identities are presently unknown);
JOHN DOE MEDICAL FACILITY PER-
SONNEL I-V (these corporate names are
fictitious as their true identities are
presently unknown); JOHN DOE MEDI-
CAL FACILITIES I-V, (these corporate
names are fictitious as their true identi-
ties are presently unknown),

       *Defendants.*

To:   Nicole May-Bynes
      Team 3 Leader
      Superior Court of New Jersey
      Middlesex County - Law Division
      Tower 2nd floor, P.O. Box 2633
      New Brunswick, New Jersey  08903-2633

Jennifer M. Perez, Acting Clerk
Superior Court of New Jersey
Hughes Justice Complex
P.O. Box 971
Trenton, New Jersey  08625

Gregory B. Noble, Esq.
O'Connor, Parsons & Lane LLC
435 East Broad Street
Westfield, New Jersey  07090

Jeremy P. Cooley, Esq.
Lenox Law Firm
3131 Princeton Turnpike, Bldg. 1B
Lawrenceville, NJ  08648


PLEASE TAKE NOTICE that the above-captioned action, previously

pending in the Superior Court of New Jersey, Law Division, Middlesex County,

Docket Number L-6876-10, is hereby removed to the United States District

Court for the District of New Jersey.  Defendant United States of America, by

its undersigned attorney, recites as grounds therefor the following:

1.      The United States of America is named as one of the defendants in

the above-captioned action in the Superior Court of New Jersey, Law Division,

Middlesex County, Docket No. L-6876-10.  A copy of the Summons and First

Amended Complaint that the United States Attorney's Office received on June

9, 2011 by certified mail are attached as Exhibit 1.

2.      Plaintiffs Elizabeth and Felipe Rodriguez have demanded

judgment, damages, fees, interest and costs of suit, for injuries they claim to

have sustained as the result of alleged medical malpractice by Miguel Martinez,

M.D., an employee of the Jewish Renaissance Medical Center, Inc.  *See* Exhibit 1.

    3.    Jewish Renaissance Medical Center, Inc. is a federally funded health center.  In accordance with the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g)-(n), the United States Department of Health & Human Services, Health Resources and Services Administration, Bureau of Primary Health Care deemed Jewish Renaissance Medical Center, Inc. to be an entity eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 as of September 15, 2003 (renewed 2005) pursuant to 42 U.S.C. § 233(g).  FSHCAA provides that the FTCA remedy against the United States for "damage for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions" shall be exclusive of any other civil action or proceedings against deemed entities and their employees.  42 U.S.C. § 233(a).

    4.    Plaintiffs' action against the United States of America is therefore governed by the FSHCAA and FTCA.  The United States of America is the sole party defendant cognizable under the FTCA for alleged acts of negligence by its deemed employees.  28 U.S.C. § 2679(b).  Moreover, the only waiver of sovereign immunity on the part of the United States to be sued for actions in tort is contained in the FTCA.

8.     The United States District Courts have exclusive jurisdiction over civil actions against the United States such as this one.  28 U.S.C. § 1346(b).

9.     Pursuant to 28 U.S.C. §§ 1441(a) and (b), 1442(a)(1), and 1446, this action must be removed to United States District Court.  No bond is required.

WHEREFORE, in accordance with 28 U.S.C. §§  1441(a) and (b), 1442(a)(1), and 1446, the above-captioned action, brought in the Superior Court of New Jersey, Law Division, Middlesex County, is now removed to this Court for further proceedings.


Dated:  July 6, 2011
        Newark, New Jersey


                              PAUL J. FISHMAN
                              United States Attorney

                              *s/ Pamela R. Perron*

                    By:     _____
                              PAMELA R. PERRON
                              Assistant U.S. Attorney