# EXHIBIT 1

O'Connor, Parsons & Lane, LLC
435 East Broad Street
Westfield, New Jersey 07090
(908)928-9200
Attorneys for Plaintiffs

| | |
|---|---|
| ELIZ B. RODRIGUEZ and FELIPE RODRIGUEZ, her husband,<br><br>    Plaintiff,<br><br>v.<br><br>VINUTHA RAJASEKHARAIAH, and VINUTHA RAJASEKHARAIAH a/k/a VINUTHA RAJ; JERSEY MEDICAL ASSOCIATES, INC.,THE UNITED STATES OF AMERICA; JOHN DOE, M.D. I-V (these names being fictitious as their true identities are presently unknown); JANE DOE NURSES I-V (these names being fictitious as their true identities are presently unknown); JOHN DOE MEDICAL FACILITY PERSONNEL I-V (these corporate names are fictitious as their true identities are presently unknown); JOHN DOE MEDICAL FACILITIES I-V, (these corporate names are fictitious as their true identities are presently unknown).<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MIDDLESEX COUNTY<br>DOCKET NO.: L-6876-10<br><br>Civil Action<br><br><br>**SUMMONS** |

FROM THE STATE OF NEW JERSEY, TO THE ABOVE-NAMED DEFENDANT:

**UNITED STATES OF AMERICA**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The Complaint attached to this Summons states the basis for this lawsuit.  If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it.  The address of each Deputy Clerk of the Superior Court is provided.  An $135.00 filing fee payable to the Clerk of the Superior Court

and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call with not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of this judgment.

If you cannot afford to pay an attorney, call a Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

_____
JENNIFER M. PEREZ
Acting Clerk of the Superior Court

DATED: June 6, 2011

Name and address of Defendant to be served:

United States Attorney's Office
970 Broad Street
Newark, New Jersey 07102
Attention: Paralegal on Duty

O'Connor, Parsons & Lane, LLC
435 East Broad Street
Westfield, New Jersey 07090
(908)928-9200
Attorneys for Plaintiffs


RECEIVED-FILED
2011 MAY 16  A 11: 43
CIVIL OFFICE
MIDDLESEX

| | |
|---|---|
| ELIZ B. RODRIGUEZ and FELIPE RODRIGUEZ, her husband,<br><br>Plaintiff,<br><br>v.<br><br>VINUTHA RAJASEKHARAIAH, and VINUTHA RAJASEKHARAIAH a/k/a VINUTHA RAJ; JERSEY MEDICAL ASSOCIATES, INC.,THE UNITED STATES OF AMERICA; JOHN DOE, M.D. I-V (these names being fictitious as their true identities are presently unknown); JANE DOE NURSES I-V (these names being fictitious as their true identities are presently unknown); JOHN DOE MEDICAL FACILITY PERSONNEL I-V (these corporate names are fictitious as their true identities are presently unknown); JOHN DOE MEDICAL FACILITIES I-V, (these corporate names are fictitious as their true identities are presently unknown).<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MIDDLESEX COUNTY<br>DOCKET NO.: L-6876-10<br><br>Civil Action<br><br>**FIRST AMENDED COMPLAINT<br>AND<br>JURY DEMAND** |

Plaintiff, Eliz B. Rodriguez and Felipe Rodriguez, husband and wife, residing at 9456 Flowering Cotton Wood Road, Orlando, Florida 32832, by way of complaint against the defendants complains and says:

## FIRST COUNT

1. During all times mentioned herein, the defendant Jersey Medical Associates, Inc. was located at 200 Perrine Road, Old Bridge, New Jersey and was the medical practice employing Vinutha Rajasekharaiah.

2. During all times mentioned herein, the defendant, Vinutha Rajasekharaiah was employed by or associated by the defendant Jersey Medical Associates, Inc., was a licensed and practicing physician in the state of New Jersey who held himself out as a specialist in internal medicine and who had the duty and responsibility of conducting appropriate breast exams and/or recognizing signs and/or symptoms of breast cancer so as to assure early detection of breast cancer.

3. During all times mentioned herein, the United States of America employed Miguel Martinez, M.D., a licensed and practicing physician in the state of New Jersey who held himself out as a specialist in internal medicine and who had the duty and responsibility of conducting appropriate breast exams and/or recognizing signs and/or symptoms of breast cancer so as to assure early detection of breast cancer.

4. During all times mentioned herein, the Jewish Renaissance Medical Center, under the control by statute of the United States of America/Department of Health & Human Services employed Dr. Martinez.

5. During all times mentioned herein, the defendants John Doe, M.D. 1-5 are fictitious names used to identify those individuals who have the duty and responsibility of ensuring early detection of plaintiff's breast cancer who failed in discharging that duty, and whose names are presently unknown but include physicians, residents, nurses, staff, and individual department heads.

6. During all times mentioned herein, the defendants XYZ Corporation 1-5 are fictitious names used to identify those corporations which names are presently unknown but include corporations incorporated under the laws of the State of New Jersey and had in their employ the respective defendant(s) named in this Complaint.

7. On or about August 18, 2005 Dr. Martinez rendered care and treatment to plaintiff. His care and treatment fell below the standard of care in that he encountered signs and/or symptoms of breast cancer yet did not undertake the appropriate care, treatment and/or referral of plaintiff. This negligence caused plaintiff permanent injury.

8. On or about July 8, 2006, the plaintiff, Eliz B. Rodriguez, presented to the defendant, Vinutha Rajasekharaiah, for treatment and care. During the course of defendant's evaluation of plaintiff, plaintiff revealed that she had experienced a history of milky discharge from the nipple of her breast.

9. Based upon the forgoing, the defendant, Vinutha Rajasekharaiah, undertook to perform a breast exam of the plaintiff on or about July 8, 2006.

10. Following completion of the aforesaid breast examination, the defendant, Vinutha Rajasekhariah, advised the plaintiff that she detected no abnormalities in the breast, and accordingly, did not order any follow up testing or screening by way of mammogram or ultrasound.

11. Defendant's breast examination, treatment and care of plaintiff during the time frame referenced fell below accepted standards of medical practice in that she negligently failed to detect a palpable mass within the plaintiff's breast, failed to order appropriate diagnostic testing and otherwise negligently failed to diagnoses a cancerous mass in the plaintiff's breast.

12. Plaintiff saw Dr. Rajasekharaiahin January in of 2007. During this visit the defendant again failed to comply with accepted standard of care with regard to detection of breast cancer.

13. During all times mentioned herein, it was the duty of these defendants to undertake the appropriate care and treatment of plaintiff so as to evaluate and

3

recognize clinical sings and or symptoms of breast cancer and to perform appropriate breast examinations and order appropriate diagnostic studies in a careful and prudent matter with the requisite professional skill, care and judgment recognized as standards in the same profession under the then existing circumstances so that no harm would come to plaintiff.

14. As a direct and approximate result of the negligence of these defendants as an aforesaid, the plaintiff's then existing breast cancer was allowed to grow and spread depriving her of early diagnosis and cure of her disease and placing her at increased risk of death.

WHEREFORE, plaintiffs, Eliz B. Rodriguez and Felipe Rodriguez both demand Judgment against the defendants jointly, severally, or in the alternative, for damages, interest, counsel fees, and cost of suit.

## SECOND COUNT

15. Plaintiff's, Eliz B. Rodriguez and Felipe Rodriguez repeat the allegations of paragraphs 1-14 as though set forth at length herein.

16. As a result of the negligence of these defendants, plaintiff, Felipe Rodriguez, has lost the society, services, companionship and consortium with the plaintiff, Eliz B. Rodriguez and has undergone great emotional strain and stress due to his wife's condition and will continue to do so into the future.

WHEREFORE, plaintiffs, Eliz B. Rodriguez and Felipe Rodriguez both demand Judgment against the defendants jointly, severally, or in the alternative, for damages, interest, counsel fees, and cost of suit.

O'CONNOR & O'CONNOR, P.C.
Attorneys for Plaintiff

By: _____
GREGORY B. NOBLE

DATED: May 11, 2011

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues.

O'CONNOR & O'CONNOR, P.C.
Attorneys for Plaintiff

By: _____
GREGORY B. NOBLE

DATED: May 11, 2011

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to Rule 4:25-4, Gregory B. Noble, Esq. is hereby designated as trial counsel in the within matter.

## AFFIDAVIT OF MERIT

Affidavit of Merit of Kevin Bell, M.D. is attached hereto.

## DEMAND FOR DEFENDANTS TO ANSWER INTERROGATORIES

Demand is hereby made upon all the defendants to answer Uniform Interrogatories Form C and C(3) within the time prescribed by the Rules of Court.

5

## CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned, Gregory B. Noble, certifies on behalf of the plaintiff as follows:

1. I am an attorney admitted to practice law in the State of New Jersey, counsel for the above-named plaintiff in the subject action.

2. There are no other parties who should be joined in this action that we are aware of at the present time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

O'CONNOR & O'CONNOR, P.C.
Attorneys for Plaintiff

By: _____
GREGORY B. NOBLE

DATED: May 11, 2011

6