UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZ B. & FELIPE RODRIGUEZ, | Civil Action No. 11-3892 (PGS) |
| Plaintiffs, | |
| v. | REPORT & RECOMMENDATION |
| VINUTHA RAJASEKHARAIAH, and VINUTHA RAJASEKHARAIAH a/k/a VINUTHA RAJ; JERSEY MEDICAL ASSOCIATES, INC., THE UNITED NOTICE OF REMOVAL STATES OF AMERICA; JOHN DOE, M.D. I-V; JANE DOE NURSES I-V; JOHN DOE MEDICAL FACILITY PERSONNEL I-V; JOHN DOE MEDICAL FACILITIES I-V, | RECEIVED NOV 2 6 2013 AT 8:30_____M WILLIAM T. WALSH CLERK |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

This matter having been opened by the Court *sua sponte* based on Plaintiffs' failure to comply with Court Orders and prosecute their case. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

**BACKGROUND AND PROCEDURAL HISTORY**

On June 6, 2011, Plaintiffs Eliz B. Rodriguez and Felipe Rodriguez ("Plaintiffs") filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County against Vinutha Rajasekharaiah, Jersey Medical Associates, Inc., The United States of America, John Doe, M.D I-V, Jane Doe Nurses I-V, John Doe Medical Facility Personnel I-V and John Doe Medical Facilities I-V ("Defendants") demanding judgment, damages, fees, interest and costs of suit, for injuries they claim to have sustained as the result of alleged medical malpractice

1

for failure to diagnose breast cancer. The case was subsequently removed to the United States District Court on July 6, 2011 [Docket Entry No. 1] and discovery proceeded.

On May 8, 2013 Plaintiffs' attorney submitted a letter to the Court requesting to withdraw as Plaintiffs' counsel. While Counsel indicated that Plaintiffs had been advised of Counsel's request to withdraw and were copied on Counsel's letter to the Court, the Court wanted to afford Plaintiffs the opportunity to object to Counsel's request if they so desired. As a result, on May 20, 2013, the Court entered a Letter Order directing Plaintiffs to inform the Court in writing no later than June 3, 2013 as to whether they had any objection to Counsel's request. [Docket Entry No. 14]. The Court did not receive any response from Plaintiffs by June 3, 2013 and was concerned that they may not have received a copy of the Court's May 20, 2013 Letter Order in time to submit a timely response. As such, the Court entered a second Letter Order dated June 11, 2013 [Docket Entry No. 16], extending the date for Plaintiffs to object to June 24, 2013. The Court also informed Plaintiffs in the June 11, 2013 Letter Order that "failure to comply with the terms of this order may result in imposition of sanctions including potential dismissal of their claims." The June 11, 2013 Letter Order was sent directly to Plaintiffs by both regular and certified mail. The certified mail was returned as undeliverable. [Docket Entry No. 17]. However, the Letter Order sent by regular mail has not been returned. Further, Counsel confirmed that the address used by the Court on both mailings was accurate and that Plaintiffs had received notice of the Court's Orders.

The Court accepted Plaintiffs silence as consent to Counsel's request and permitted Counsel to withdraw. In a July 10, 2013 Letter Order, Plaintiffs were given 30 days to retain new counsel or be deemed to be proceeding *pro se*. Plaintiffs were also directed to inform the

2

Court in writing no later than August 12, 2013 as to whether they intended to continue to prosecute this matter. [Docket Entry No. 18]. It came to the Court's attention that Plaintiffs may not have received a copy of the Court's Letter Order because Plaintiffs' apartment number was not included in Plaintiffs' address. As a result, the Court entered another Letter Order on September 4, 2013 [Docket Entry No. 21]. The Court extended the deadline for retaining new counsel to September 27, 2013 and the deadline to inform the Court if they intend to prosecute this matter to October 4, 2013. The Court warned Plaintiffs that if it did not receive a response by that deadline, the Court would recommend that this matter be dismissed with prejudice. The September 4, 2013 Letter Order was signed for by Felipe Rodriguez. [Docket Entry No. 22]. An Order to Show Cause was then sent on October 16, 2013. [Docket Entry No. 24]. Plaintiffs were ordered to submit an explanation for their failure to respond to the Court no later than November 14, 2013 and to appear in person on November 21, 2013 to show cause why this matter should not be dismissed for failure to comply with the Courts Orders or to prosecute their case. This Order was signed for by Jacob Soto[1], Plaintiffs' 19 year old son. [Docket Entry No. 26][2] Plaintiffs did not contact the Court in any manner or appear for the Order to Show Cause Hearing.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* Fed.R.Civ.P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.*

In *Poulis v. State Farm Casualty Co.*, 747 F.2d at 863 (3d Cir. 1984) the Third Circuit

---

[1] See attached letter from Defendant outlining excerpt from Plaintiff Eliz B. Rodriguez's deposition in which she identifies Soto as her son.

[2] Jacob Soto also signed for an Order to Show Cause which was sent on October 9, 2013 [Docket Entry No. 23] and subsequently amended by the October 16, 2013 Order [Docket Entry No. 24]

3

identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case it appears that Plaintiffs are solely responsible for their failure to comply with Court Orders and to prosecute their case. Plaintiffs have failed to retain new counsel or declare themselves as proceeding *pro se* and in addition, have personally failed to meet Court imposed deadlines and/or submit paperwork.

**2. Prejudice to Defendants.** Plaintiffs' refusal to participate in advancing their case and to comply with Court Orders has caused manifest injustice to Defendants. Plaintiffs initiated this action and have done nothing since counsel was relieved. Plaintiffs' actions, or lack thereof, support dismissal. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

**3. History of Dilatoriness.** Plaintiffs have a history of dilatoriness. For example, Plaintiffs failed to indicate to this Court whether new counsel would be retained or if they would be proceeding *pro se*. Furthermore, Plaintiffs' failure to submit a position paper and to appear

for the Order to Show Cause Hearing as required by the Courts' October 16, 2013 Order is especially telling because the Order specifically required Plaintiffs to identify reasons why their claim should not be dismissed for failure to prosecute. Plaintiffs' inaction in this regard further supports dismissal of their claim.

**4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiffs have proceeded in bad faith. However, Plaintiffs' conduct has been willful. Plaintiffs have been willfully unresponsive to Court proceedings and to Court Orders. These circumstances, when taken as a whole, suggest that Plaintiffs have abandoned their case and further support dismissal as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, and despite this Court's warning of the consequences of their continued inaction, Plaintiffs have failed to participate in and prosecute their case. On these facts, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 2011 WL 2610098 (D.N.J.).

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiffs' claim.

In sum, Plaintiffs have ignored a Court Order to make an appearance to show cause why their case should not be dismissed which further demonstrates the pattern of non-compliance and dilatoriness. Plaintiffs' failure in this regard establishes Plaintiffs' failure to adequately prosecute this matter which they initiated against Defendants.

## CONCLUSION

The Court having considered this matter pursuant to Fed.R.Civ.P. 78 and having given

consideration of the *Poulis* factors;

IT IS on this 26th day of November, 2013,

RECOMMENDED that Plaintiffs' Complaint be DISMISSED WITH PREJUDICE pursuant to Fed.R.Civ.P. 41(b).

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed.R.Civ.P. 72(b)(2).

ORDERED that the Clerk of the Court mail a copy of this Report & Recommendation by certified mail to Mr. and Mrs. Rodriguez at the following address:

> Eliz B. and Felipe Rodriguez
> 6560 Swissco Dr.
> Apt. #328
> Orlando, FL 32822

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**